MICHAEL D. GRANSTON
   Deputy Assistant Attorney General
ERIC WOMACK
   Assistant Branch Director
JOSHUA M. KOLSKY
INDRANEEL SUR
   Trial Attorneys
   joshua.kolsky@usdoj.gov
   D.C. Bar No. 993430
   Trial Attorney
   Civil Division, Federal Programs Branch
   P.O. Box 883
   Washington, D.C.  20044
   Telephone:  (202) 305-7664
   Facsimile:  (202) 616-8470

Counsel for the United States of America

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| DONALD TRUMP, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> META PLATFORMS, INC., et al., <br><br> *Defendants*. | Case No. 4:21-cv-9044-JSW <br><br> **MEMORANDUM OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(c)** <br><br> Action Filed: July 7, 2021 <br> Trial Date: None Set |

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)
Case No. 4:21-cv-9044-JSW

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

    I.     Statutory Background ................................................................................................ 2

    II.    Procedural Background ............................................................................................. 4

LEGAL STANDARD ............................................................................................................... 6

ARGUMENT ........................................................................................................................... 6

    I.     The Court Should First Consider Alternative Grounds for a Decision Because They May Obviate The Need To Address Plaintiff's Constitutional Challenge ................................................................................................................. 6

    II.    If The Court Reaches the Question, It Should Conclude That Section 230(c) Is Constitutional .......................................................................................................... 9

CONCLUSION ...................................................................................................................... 12

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)  - - 1 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

# TABLE OF AUTHORITIES

**Cases**

*Atkinson v. Meta Platforms, Inc.*,
  2021 U.S. App. LEXIS 34632 (9th Cir. Nov. 22, 2021) ........................................................ 11

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ............................................................................................ 3, 10

*Divino Group LLC v. Google LLC*,
  No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245 (N.D. Cal. Jan. 6, 2021) ............... 8, 10

*Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*,
  521 F.3d 1157 (9th Cir. 2008) ........................................................................................ 2, 3, 4

*Flagg Bros., Inc. v. Brooks*,
  436 U.S. 149 (1978) ............................................................................................................. 11

*Green v. AOL*,
  318 F.3d 465 (3rd Cir. 2003) .................................................................................................. 1

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ................................................................................................ 6

*La'Tiejira v. Facebook, Inc.*,
  272 F. Supp. 3d 981 (S.D. Tex. 2017) .................................................................................... 1

*Lewis v. Google LLC*,
  461 F. Supp. 3d 938 (N.D. Cal. 2020) .................................................................................... 1

*Lopez v. Brewer*,
  680 F.3d 1068 (9th Cir. 2012) ................................................................................................ 6

*Munaf v. Geren*,
  553 U.S. 674 (2008) ............................................................................................................... 6

*N.Y.C. Transit Auth. v. Beazer*,
  440 U.S. 568 (1979) ............................................................................................................... 8

*Newman v. Google LLC*,
  No. 20-cv-4011-LHK, 2021 U.S. Dist. LEXIS 119101 (N.D. Cal. June 25, 2021) ................ 8

*Parker v. PayPal, Inc.*,
  2017 U.S. Dist. LEXIS 130800 (E.D. Pa. Aug. 16, 2017) ...................................................... 1

*Prager University v. Google LLC*,
  951 F.3d 991 (9th Cir. 2020) ........................................................................................ 2, 11-12

*Railway Employees' Department v. Hanson*,
  351 U.S. 225 (1956) ......................................................................................................... 9-11

*Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*,
  144 F. Supp. 3d 1088 (N.D. Cal. 2015) .................................................................................. 3

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)  - - 1 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

*Skinner v. Railway Labor Executives' Association*,
    489 U.S. 602 (1989) ........................................................................................................ 9, 10

*Stratton Oakmont, Inc. v. Prodigy Servs. Co.*,
    No. 31063/94, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995) ............................................ 4

*Winter v. Facebook, Inc.*,
    2021 U.S. Dist. LEXIS 224836 (E.D. Miss. Nov. 22, 2021) ................................................... 1

*Zango, Inc. v. Kaspersky Lab, Inc.*,
    568 F.3d 1169 (9th Cir. 2009) ................................................................................................ 4

**Statute**

47 U.S.C. § 230 ................................................................................................................. *passim*

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(c)  - - 2 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

**INTRODUCTION**

Plaintiff, former President Donald Trump, challenges the constitutionality of Section 230(c) of the Communications Decency Act of 1996 ("CDA") (Pub. L. No. 104-104, § 509, *codified at* 47 U.S.C. § 230(c)) in his Motion for Preliminary Injunction ("Motion").[1] In 1996, Congress passed Section 230(c) in part to "promote the continued development of the Internet and other interactive computer services and other interactive media." 47 U.S.C. § 230(b)(1). Assuming its conditions are met, the statute protects an "interactive computer service" provider from liability for content created by third parties and hosted by the service (47 U.S.C. § 230(c)(1)), or for voluntarily removing or restricting access to certain types of offensive material (*id*. § 230(c)(2)).

The United States has intervened in response to Plaintiff's constitutional challenge,[2] and, in defense of the statute, respectfully raises two arguments in this brief.

*First*, under the doctrine of constitutional avoidance, this Court should first consider whether it can resolve Plaintiff's Motion without ruling on the constitutionality of Section 230(c). A court should rule on the constitutionality of a federal statute only when necessary, and here Plaintiff asserts a number of arguments in support of his Motion that could avoid the need for any such ruling, including that Section 230(c) does not apply to the claims alleged by Plaintiff here.

---

[1] The First Amended Complaint in this case lists various plaintiffs in addition to Plaintiff Trump. But because Plaintiff's Motion was filed on behalf of Plaintiff Trump alone, *see* Motion at 1, this memorandum addresses only Plaintiff Trump's claims.

[2] The United States' intervention to defend Section 230(c) in this case is consistent with its intervention in prior suits that raised similar constitutional challenges to the statute. *See, e.g., Newman v. Google LLC*, No. 20-cv-4011-LHK, ECF No. 53 (N.D. Cal. Mar. 23, 2021); *Divino Group LLC v. Google LLC*, No. 19-cv-04749-VKD, ECF No. 46 (N.D. Cal. May 8, 2020). Courts routinely reject constitutional challenges to Section 230(c). *See, e.g., Green v. AOL*, 318 F.3d 465, 472 (3d Cir. 2003); *Winter v. Facebook, Inc.*, 2021 U.S. Dist. LEXIS 224836, at *12-13 (E.D. Miss. Nov. 22, 2021); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952-53 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021); *La'Tiejira v. Facebook, Inc.*, 272 F. Supp. 3d 981, 994-95 (S.D. Tex. 2017); *Parker v. PayPal, Inc.*, 2017 U.S. Dist. LEXIS 130800, at *16-17 (E.D. Pa. Aug. 16, 2017).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 1 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

*Second*, if the Court concludes that it must address the constitutionality of Section 230(c), Plaintiff's challenge should be rejected on the merits. Section 230(c) does not regulate Plaintiff's speech. Instead, the statute establishes a content- and viewpoint-neutral rule prohibiting liability for certain conduct by providers of interactive computer services. Although Plaintiff's Motion barely addresses his constitutional challenge to Section 230(c), Plaintiff appears to contend that Section 230(c) is unconstitutional because it allegedly "encourage[s]" Meta Platforms (formerly Facebook) to "censor constitutionally protected speech." Motion at 9. But Section 230(c) does not mandate any action on the part of Meta Platforms, which remains a private entity, as the Ninth Circuit recently held as to a similar social media company. *See Prager University v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020). Instead, as Plaintiff himself recognizes, Section 230(c) "permits (but does not require)" the editorial decisions of website operators. Motion at 10. While it is of course true that the statute shields providers from liability for choosing to *exclude* content from their platforms, it affords comparable protection to providers who are sued for *allowing* content to appear. It thereby allows those providers the freedom to decide whether to remove content on their online platforms without fear of liability. Accordingly, Plaintiff's challenge to Section 230(c) is meritless and should be rejected.[3]

## BACKGROUND

### I.     Statutory Background

Section 230(c) of the CDA is entitled "Protection for 'Good Samaritan' blocking and screening of offensive material." The statute "immunizes providers of interactive computer services against liability arising from content created by third parties." *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1163-64 (9th Cir. 2008) (en banc) (footnotes omitted). In particular, Paragraph (1) states: "No provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by

---

[3] The President has expressed support for reforms of Section 230(c)—but whether the statute is constitutional as applied to the facts presented here is distinct from the question whether Section 230(c) remains good policy.

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 2 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

another information content provider." 47 U.S.C. § 230(c)(1).[4] The statute also provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id*. § 230(e)(3). The result is to protect online platforms from such liabilities as those the common law imposed on publishers or speakers for libel or slander. Courts have also construed the limitation to shield online platforms against certain liabilities under federal law. *See, e.g., Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015), *aff'd sub nom. Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017). The immunity applies only when the interactive computer service provider is not also the "information content provider" of the material in question— *i.e.*, the person "responsible, in whole or in part, for the creation or development of" the "offending content." *See Roommates*, 521 F.3d at 1162-63 (quoting 47 U.S.C. § 230(f)(3)).

According to the Ninth Circuit, Section 230(c)(1) shields the defendant from a claim wherever "the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker' [of content provided by another]." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009). In that context, the Ninth Circuit views "publication" as "involv[ing] reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Id*. The Ninth Circuit has remarked in an *en banc* opinion that "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune" under Section 230(c)(1). *Roommates*, 521 F.3d at 1170-71.

For its part, Paragraph (2) describes a separate immunity. It states:

> No provider or user of an interactive computer service shall be held liable on account of —

---

[4] The statute defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). "[T]he most common interactive computer services are websites." *Roommates*, 521 F.3d at 1162 n.6.

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 3 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

>   (A) any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or
>
>   (B) any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in [sub]paragraph [A].

47 U.S.C. § 230(c)(2).[5]

The problem Congress sought to solve in Section 230(c) arose from a New York state trial court's ruling that an internet service provider that had voluntarily deleted some messages from an online message board was then "legally responsible for the content of defamatory messages that it failed to delete." *See Roommates*, 521 F.3d at 1163 (discussing *Stratton Oakmont, Inc. v. Prodigy Servs. Co.*, No. 31063/94, 1995 WL 323710 (N.Y. Sup. Ct. May 24, 1995)). Congress responded in the statute by "immuniz[ing] the *removal* of user-generated content, not the *creation* of content." *Id*. That is, Section 230(c) "provides 'Good Samaritan' protections from civil liability" for interactive computer service providers for actions to restrict "access to objectionable online material." H.R. Rep. No. 104-458 (1996) (Conf. Rep.), *as reprinted in* 1996 U.S.C.C.A.N. 10. "One of the specific purposes of [Section 230(c)] is to overrule *Stratton*" which treated such providers "as publishers or speakers of content that is not their own because they have restricted access to objectionable material." *Id*.

## II.   Procedural Background

Plaintiff filed this action on July 7, 2021, and a First Amended Complaint ("FAC"), ECF No. 16, on July 27, 2021. Plaintiff alleges that Meta Platforms indefinitely banned him on January 7, 2021, "for exercising his constitutional right of free speech." FAC ¶ 6. In a public statement about the suspension, Defendant Mark Zuckerberg allegedly stated, "[w]e believe the risks of allowing the President to continue to use our service during this period are simply too

---

[5] The text of Paragraph (2)(B) refers to "the material described in paragraph (1)," but the Ninth Circuit "take[s] it that the reference to the 'material described in paragraph (1)' is a typographical error, and that instead the reference should be to . . . § 230(c)(2)(A)," because "Paragraph (1) pertains to the treatment of a publisher or speaker and has nothing to do with 'material,' whereas subparagraph (A) pertains to and describes material." *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1173 n.5 (9th Cir. 2009).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)   - 4 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

great." *Id*. ¶ 140. In the FAC, Plaintiff alleges that Meta Platforms's ban was the product of "Democrat legislators [who] feared the Plaintiff's skilled use of social media as a threat to their own re-election efforts." *Id*. ¶ 67. Plaintiff claims those legislators and other public figures "coerced Defendants to act as their agent to exercise content and viewpoint censorship against the Plaintiff and the Putative Class Members," including by allegedly "threaten[ing] to revoke the unconstitutional limited immunity for 'good faith' censorship under Section 230[.]" *Id*. ¶ 70.

The FAC alleges that Defendants' "censorship" of speech violates the First Amendment, on the theory that Meta Platforms was "acting in concert with federal officials" and that its conduct "amounts to state action." *Id*. ¶¶ 192-93; *see also id*. ¶¶ 187-204. Plaintiff also seeks a declaratory judgment that Sections 230(c)(1) and (2) are unconstitutional, on the theory that those immunity-conferring provisions were enacted by Congress "to induce, encourage and promote" censorship by social media companies that "Congress could not constitutionally accomplish itself." *Id.* ¶ 210; *see also id.* ¶¶ 205-16. Finally, Plaintiff asserts two Florida state-law claims for unfair and deceptive trade practices arising from Meta Platforms's purported failure to apply its own terms of service even-handedly. *Id*. ¶¶ 217-45.

Plaintiff filed a notice of the constitutional challenge under Rule 5.1 on July 9, 2021. ECF No. 5. The U.S. District Court for the Southern District of Florida certified the constitutional question on July 21, 2021. ECF No. 14.

Plaintiff filed his Motion for Preliminary Injunction on October 7, 2021. ECF No. 78. That Motion argues, *inter alia*, that Plaintiff is likely to succeed on the merits of his various constitutional and non-constitutional claims, but it barely addresses Plaintiff's constitutional challenge to Section 230(c). Motion at 18. The two paragraphs devoted to the constitutional challenge merely state that Plaintiff's challenge is as-applied and argue that Section 230(c) violates the principle that government "may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish." *Id*. (quoting *Norwood v. Harrison*, 413 U.S. 455, 465 (1973)). In a different section of the Motion pertaining to count one of the FAC, Plaintiff argues that "Section 230(c) itself is a significant encouragement to censor constitutionally protected speech" because "Section 230(c)(2) immunizes social media

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)   - 5 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

companies from liability for any action taken in good faith to 'restrict' speech they or their Users deem 'objectionable,' even if that speech is 'constitutionally protected.'" *Id*. at 9. And Plaintiff contends that "Congress *encouraged* private Internet actors to do what it could not do itself" and that "[e]very act by Defendant in censoring Plaintiff's speech was significantly encouraged by, and in reliance upon, the immunity granted by Section 230(c)(2)." *Id*. Plaintiff also makes arguments that, if accepted, would avoid the need to decide the constitutionality of Section 230(c). Specifically, he contends that Section 230(c) does not immunize Defendants from liability because: (a) "Defendants' actions are at issue—not the speech of third-party Users of its platform;" (b) Section 230(c) does not prohibit liability for removing the type of content at issue here; and (c) Section 230(c) "provides no protection for unfair and deceptive trade practices." *Id*. at 16-18. The Motion seeks various forms of injunctive and declaratory relief, including an order "[e]njoining and declaring that Section 230(c) of the Communications Decency Act of 1996 is unconstitutional as applied to the facts of this case[.]" *Id*. at 29.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy" that should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)); *see Munaf v. Geren*, 553 U.S. 674, 690 (2008) (likelihood of success requires far more than identifying "serious, substantial, difficult, and doubtful" questions).

## ARGUMENT

I. **THE COURT SHOULD FIRST CONSIDER ALTERNATIVE GROUNDS FOR A DECISION BECAUSE THEY MAY OBVIATE THE NEED TO ADDRESS PLAINTIFF'S CONSTITUTIONAL CHALLENGE**

As an initial matter, this Court should not address the constitutionality of Section 230(c) unless it first determines that the pending motion for preliminary injunction cannot be resolved

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)   - 6 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

on other grounds.  "[T]he power of the federal courts to declare Acts of Congress unconstitutional" is "the gravest and most delicate duty that [courts are] called on to perform." *United States v. Raines*, 362 U.S. 17, 20 (1960) (quoting *Blodgett v. Holden*, 275 U.S. 142, 147 (1927) (Holmes, J., concurring)).  In considering a challenge to a federal statute, "courts must "never . . . anticipate a question of constitutional law in advance of the necessity of deciding it" or "formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Id*. at 21.  Thus, the "delicate power of pronouncing an Act of Congress unconstitutional," *id*. at 22, should not be considered unless a court has first determined that the case cannot be resolved on other grounds.  *See Greater New Orleans Broad. Ass'n v. United States*, 527 U.S. 173, 184 (1999) ("[W]e do not ordinarily reach out to make novel or unnecessarily broad pronouncements on constitutional issues when a case can be fully resolved on a narrower ground.").

This Court should adhere to that doctrine of constitutional avoidance and decline to rule on the constitutionality of Section 230(c) unless the motion for preliminary injunction cannot be resolved on other grounds.  The United States has intervened solely for the purpose of defending the constitutionality of Section 230(c) and therefore takes no position on the other issues raised by the parties, except to the extent they are relevant to the constitutional challenge.  It is apparent, however, that the Court's resolution of those issues might obviate the need to consider Section 230(c)'s constitutionality.

Section 230(c) immunity is an affirmative defense, so the Court need not consider the constitutionality of that provision unless a defendant has invoked the affirmative defense and Plaintiff has demonstrated that he has otherwise sufficiently alleged valid claims against Defendants.  Accordingly, before the Court reaches the constitutional challenge as part of the preliminary injunction motion, it should first consider whether a defendant has invoked Section 230(c) as an affirmative defense and whether Plaintiff is otherwise likely to succeed on the merits of his claims against Meta Platforms.  For example, the Court might decide that Meta Platforms is not a state actor constrained by the First Amendment, in which case Plaintiff could not prevail on count one of the FAC, meaning there would be no need to address the constitutionality of

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 7 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

Section 230(c) with regard to that claim.  And the Court might similarly decide that Plaintiff is not likely to succeed on the elements of his state law claims.

Another possible avoidance path stems from Plaintiff's contention that Section 230(c) does not apply to the misconduct alleged.  *See* Motion at 15-18.  If the Court were to conclude that Meta Platforms' acts as alleged by Plaintiff do not fit within the terms of either Section 230(c)(1) or (2), then the statute would not apply, and there would be no occasion for passing on the constitutionality of the statute.  Similarly, if the Court were to agree with Plaintiff that Meta Platforms was coerced into suspending Plaintiff's account, it might determine that immunity under Section 230(c)(2), which applies to certain actions "voluntarily taken in good faith," is unavailable.  *See* 47 U.S.C. § 230(c)(2)(A).

To be sure, the FAC purports to plead a claim seeking a declaration that Section 230(c) is unconstitutional.  FAC ¶¶ 205-16.  But that claim, too, can be resolved on non-constitutional grounds.  Although styled as an independent claim for relief, that claim merely anticipates Defendants' affirmative defense invoking Section 230(c).  As courts have held in similar circumstances, "using the Declaratory Judgment Act to anticipate an affirmative defense is not ordinarily proper."  *Newman v. Google LLC*, No. 20-cv-4011-LHK, 2021 U.S. Dist. LEXIS 119101, at *42 (N.D. Cal. June 25, 2021) (quoting *Divino Group LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 U.S. Dist. LEXIS 3245, at *32 (N.D. Cal. Jan. 6, 2021)).  After all, if Plaintiff has not demonstrated a likelihood of success on his underlying claims, or if the affirmative defense is otherwise unasserted or unavailable, then the constitutionality of the affirmative defense is altogether irrelevant to Plaintiff's pending motion.

In short, where "dispositive" grounds may be available that do not require adjudicating the constitutionality of a federal statute, it is "incumbent on" this Court to examine and decide the case on those grounds first.  *Cf. N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 582 (1979) ("Before deciding the constitutional question, it was incumbent on [lower courts] to consider whether the statutory grounds might be dispositive."); *Newman*, 2021 U.S. Dist. LEXIS 119101, at *43 ("[I]t would be inappropriate to adjudicate the constitutionality of Section 230 at this stage

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)   - 8 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

in the instant case because such adjudication is avoidable and unnecessary to decide Defendants' motion to dismiss."); *Divino*, 2021 U.S. Dist. LEXIS 3245, at *33.

## II. IF THE COURT REACHES THE QUESTION, IT SHOULD CONCLUDE THAT SECTION 230(C) IS CONSTITUTIONAL

If the Court were to address the constitutionality of Section 230(c), it should conclude that Plaintiff's challenge fails on the merits. Plaintiff's constitutional challenge is not fully developed in the preliminary injunction motion, as Plaintiff devotes only two paragraphs to the argument. *See* Motion at 18.[6] The first paragraph merely explains that Plaintiff's challenge is as-applied, and the second paragraph consists of a single sentence, as follows:

> Section 230, as applied, violates the fundamental principle the Supreme Court has long recognized: government "may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish." *Norwood*, 413 U.S. at 465 (quoting *Lee v. Macon County Board of Education*, 267 F. Supp. 458, 475-76 (M.D. Ala. 1967)).

*Id*.

In a different section of the Motion (pertaining to count one of the FAC), Plaintiff argues that "Section 230(c) itself is a significant encouragement to censor constitutionally protected speech" because "Section 230(c)(2) immunizes social media companies from liability for any action taken in good faith to 'restrict' speech they or their Users deem 'objectionable,' even if that speech is 'constitutionally protected.'" Motion at 9. Plaintiff further contends that "Congress *encouraged* private Internet actors to do what it could not do itself" and that "[e]very act by Defendant in censoring Plaintiff's speech was significantly encouraged by, and in reliance upon, the immunity granted by Section 230(c)(2)." *Id*. Plaintiff relies primarily on the Supreme Court's decisions in *Skinner v. Railway Labor Executives' Association*, 489 U.S. 602 (1989), and *Railway Employees' Department v. Hanson*, 351 U.S. 225 (1956), in advancing these arguments. *See* Motion at 9-11.

Thus, although Plaintiff's constitutional challenge is not fully developed, it appears that Plaintiff's argument is that Section 230(c) is unconstitutional because it supposedly "encourages"

---

[6] The United States reserves the right to respond to any new or expanded arguments that Plaintiff may later raise in support of his challenge to Section 230(c).

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 9 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

1  Meta Platforms to "censor constitutionally protected speech." *Id*. at 9. That argument
2  misunderstands the nature of Section 230(c) and the reach of the *Skinner* and *Hanson* decisions.
3  Section 230(c) does not require online service providers to limit or regulate speech by their users.
4  Instead, Section 230(c) allows companies like Meta Platforms to choose to remove content or
5  allow it to remain on their platforms, without facing liability as publishers or speakers for those
6  editorial decisions. *See Barnes*, 570 F.3d at 1102 (in the context of Section 230(c), "publication
7  involves reviewing, editing, and *deciding whether to publish or to withdraw* from publication
8  third-party content.") (emphasis added). Section 230(c) does not reflect a preference for
9  restricting content, much less for restricting content relating to any particular viewpoint.

10  Plaintiff relies primarily on *Skinner*, in which federal regulations (1) required private
11  railroad companies to administer drug and alcohol tests to railroad employees involved in certain
12  railway accidents, and (2) authorized but did not require such tests for employees who violated
13  certain safety rules in other circumstances. 489 U.S. at 606–11. The Supreme Court held that the
14  regulations mandating testing constituted government action within the purview of the Fourth
15  Amendment because a railroad that complies with such regulations does so by "compulsion of
16  sovereign authority" and therefore must be viewed as an instrument or agent of the government.
17  *Id*. at 614. The Supreme Court further held that the regulations allowing but not mandating
18  testing nevertheless established that the government "did more than adopt a passive position
19  toward the underlying private conduct" but had instead "encourage[ed], endors[ed], and
20  participat[ed]" in the testing. *Id*. at 615–16. In particular, the government "made plain . . . its
21  desire to share the fruits of" the testing and "mandated that the railroads not bargain away the
22  authority to perform tests granted by" the federal law. *Id*. at 615.

23  As courts in this district have already concluded, the federal regulations in *Skinner* bear
24  no relationship to Section 230(c). "[N]othing about Section 230 is coercive." *Divino*, 2021 U.S.
25  Dist. LEXIS 3245, at *17 (contrasting the regulations in *Skinner*). Rather, "Section 230 reflects
26  a deliberate *absence* of government involvement in regulating online speech[.]" *Id*. "Unlike the
27  regulations in *Skinner*, Section 230 does not require private entities to do anything, nor does it
28  give the government a right to supervise or obtain information about private activity." *Id*.

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 10 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

1  Therefore, Meta Platforms "remains a private forum, not a public forum subject to judicial scrutiny under the First Amendment." *Prager University v. Google LLC*, 951 F.3d 991, 995 (9th Cir. 2020). "[C]ourts have uniformly concluded that digital internet platforms that open their property to user-generated content do not become state actors[.]" *See id*. at 997; *see also Atkinson v. Meta Platforms, Inc.*, No. 20-17489, 2021 U.S. App. LEXIS 34632, at *3 (9th Cir. Nov. 22, 2021) ("Section 230 of the Communications Decency Act does not independently transform Meta Platforms into a government actor for First Amendment purposes.").

For similar reasons, Plaintiff's reliance on *Railway Employees' Department v. Hanson*, 351 U.S. 225 (1956), is misplaced. There, a federal statute expressly authorized railroad companies and labor organizations to make union shop agreements requiring all employees to become members of the labor organization. *Id*. at 228-29. The Supreme Court concluded that "the federal statute is the source of the power and authority by which any private rights are lost or sacrificed." *Id*. at 232. In contrast, here, the immunity-conferring provisions in Section 230(c) permit online service providers to choose for themselves what user-generated content to permit or forbid, without the prospect of civil liability for those editorial decisions. Indeed, the Supreme Court "has never held that" the government's "mere acquiescence in a private action converts that action into that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978); *see also Prager*, 951 F.3d at 995. Accordingly, the immunity provided by Section 230(c) to Meta Platforms does not violate the First Amendment.

Plaintiff's Motion also argues that members of Congress and other individuals made statements that Plaintiff construes as threatening to revoke Section 230(c) immunity to coerce Meta Platforms to suspend Plaintiff's account. Motion at 6-8. But the only purported relevance of those statements is that they allegedly "convert[ed] private party conduct into state action." *Id*. at 6. Plaintiff does ***not*** argue that those statements have any relation to his constitutional challenge to Section 230(c), nor could he. The statements have no bearing on whether the statute itself is constitutional. And Plaintiff cites no decisions in which an otherwise valid statute was deemed unconstitutional because of the statement of a government official. Instead, Plaintiff relies on a series of cases in which government officials allegedly coerced private parties to

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)   - 11 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**P.O. Box 883**
**Washington, DC 20044**
**Tel: (202) 305-7664**

censor speech. Motion at 6-7. None of those cases, however, involved a constitutional challenge to a statute immunizing private entities; they instead focused on direct challenges to the actions of government officials or private entities. Accordingly, there is no reason to believe that these purportedly coercive statements have any relevance to the constitutionality of Section 230(c) or that they would change the Ninth Circuit's conclusion in *Prager* rejecting a constitutional challenge to a social media company's content moderation. 951 F.3d at 999.

Accordingly, Plaintiff has not demonstrated that Section 230(c) is unconstitutional as applied.

## **CONCLUSION**

For the foregoing reasons, the Court should decide Plaintiff's preliminary injunction motion without addressing the constitutionality of Section 230(c) if possible. If the Court reaches Plaintiff's constitutional challenge to this provision, it should reject it.

DATED: January 14, 2022           Respectfully submitted,

**MICHAEL D. GRANSTON**
Deputy Assistant Attorney General

**ERIC WOMACK**
Assistant Branch Director

**JOSHUA M. KOLSKY**
**INDRANEEL SUR**
Trial Attorneys

By:  */s/ Joshua M. Kolsky*
     JOSHUA M. KOLSKY

U.S. Department of Justice
Counsel for the United States of America

MEM. OF LAW BY INTERVENOR UNITED STATES IN SUPPORT OF THE
CONSTITUTIONALITY OF 47 U.S.C. § 230(C)  - 12 -
Case No. 4:21-cv-9044-JSW

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel: (202) 305-7664