Ashley E. Littlefield (SBN 281027)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1400
ashley.littlefield@kirkland.com

Craig S. Primis, P.C. (admitted *pro hac* vice)
K. Winn Allen, P.C. (admitted *pro hac* vice)
Ronald K. Anguas, Jr. (admitted *pro hac* vice)
Katherine H. Epstein (admitted *pro hac* vice)
James Y. Xi (admitted *pro hac* vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
winn.allen@kirkland.com
ronald.anguas@kirkland.com
kate.epstein@kirkland.com
james.xi@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc. and Mark Zuckerberg*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DONALD J. TRUMP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., et al., <br><br> Defendants. | CASE NO. 4:21-CV-09044-JSW <br><br> **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE** <br><br> **HON. JEFFREY S. WHITE** |

## INTRODUCTION

This case should be dismissed for the reasons set forth in Meta's pending motion to dismiss. *See* ECF No. 157. Resolution of that motion (and this case) does not depend on any other matter. The Court declined to relate or consolidate the *Meta*, *YouTube*, and *Twitter* matters, and they involve different sets of factual events and largely different sets of parties. Despite these differences, however, Meta does not oppose a stay of this action pending final disposition of the appeal in *Twitter* if the Court believes that a stay would promote efficiency and judicial economy.

## BACKGROUND

On July 7, 2021, three sets of plaintiffs—each including Donald Trump—filed three separate lawsuits against Twitter, Inc. (Case No. 3:21-cv-08378), YouTube, LLC (Case No. 4:21-cv-08009), and Facebook, Inc. (now Meta Platforms, Inc.) (Case No. 4:21-cv-09044), as well as their respective CEOs. Each set of plaintiffs alleged that they were banned from or otherwise restricted in their use of a different website, each with its own set of content standards. In each case, the plaintiffs alleged violations of the First Amendment and Florida state law.

Following transfer to this Court, plaintiffs moved to first relate, and then consolidate, the three actions. *See YouTube*, ECF Nos. 118, 125. The Court denied both motions. *See Twitter*, ECF No. 132; *YouTube*, ECF. No. 139. Since then, each set of defendants moved to dismiss the cases in their entirety, and those motions were fully briefed.

On May 6, 2022, Judge Donato granted Twitter's motion to dismiss. *Trump v. Twitter Inc.*, 2022 WL 1443233 (N.D. Cal. May 6, 2022). The Court explained that "Plaintiffs are not starting from a position of strength" because "Twitter is a private company, and 'the First Amendment applies only to governmental abridgements of speech, and not to alleged abridgements by private companies.'" *Id.* at *2 (quoting *Williby v. Zuckerberg*, 2019 WL 11660655 (N.D. Cal. June 18, 2019)). The Court then rejected each of the plaintiffs' state-action arguments, as well as their arguments with respect to the Florida state-law claims. The *Twitter* plaintiffs declined to amend their complaint and instead appealed the ruling. *See Twitter*, ECF No. 169. That appeal is pending, with briefing set for this fall. *See Trump v. Twitter, Inc.*, Case No. 22-15961 (9th Cir.).

On July 12, 2022, this Court issued an Order to Show Cause in the *Meta* and *YouTube* cases, asking "why this Court in its discretion should not stay this matter pending final disposition of the appeal of the dismissal" of the *Twitter* matter. ECF No. 171; *YouTube*, ECF No. 156.

## LEGAL STANDARD

"[I]t is within the "Court's discretion to determine whether a stay is warranted." *Dean v. LuLaRoe LLC*, 2017 WL 10574353, at *2 (N.D. Cal. July 18, 2017). In deciding whether to grant a stay, courts weigh "(1) possible damage which may result from granting a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Granting a stay pending the outcome of other proceedings "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979); *Bao v. Page*, 2020 WL 1671556, at *1 (N.D. Cal. Feb. 5, 2020).

## ARGUMENT

Defendants Meta Platforms, Inc. and Mark Zuckerberg (collectively, "Meta") do not oppose a stay of this case pending resolution of the *Twitter* appeal.

*First*, there will be no damage to either side from granting a stay, which counsels in its favor. *See, e.g.*, *Dean*, 2017 WL 10574353, at *2. A stay would preserve the status quo, which has remained unchanged since plaintiffs filed their complaint over a year ago. *See, e.g.*, *Skulevold v. SD&A Teleservices, Inc.*, 2020 WL 7711834, at *4 (C.D. Cal. Nov. 18, 2020) ("Courts are more likely to grant a stay when, considering the substantial amount of work that lies ahead of both parties, the case is still in the early stages, and when there are no immediately pressing deadlines or trial dates."). Meta will not be harmed by this case being held in abeyance until the *Twitter* appeal is resolved. And plaintiffs will not be harmed because there is no constitutional injury to remedy for all of the reasons set forth in Meta's motion to dismiss. *See* ECF No. 157.

*Second,* the next factor courts consider—"the hardship or inequity which a party may suffer in being required to go forward"—is neutral. The ordinary burdens of the litigation process do not on their own create "hardship or inequity." *United States v. Garcia-Gomez*, 2019 WL 331279, at *3 (N.D. Cal.

Jan. 25, 2019) (granting a stay "in light of the simplification of legal issues and minimal risk of harm" despite the moving party conceding "that it would [not] suffer any hardship or inequity if the stay is denied"). Indeed, until this Court issued its Order to Show Cause, the parties intended and expected to move forward in these proceedings.

*Finally*, although the *Meta*, *YouTube*, and *Twitter* matters involve different parties and turn on different sets of facts, Meta does not oppose a stay if the Court believes resolution of the *Twitter* appeal will "simplify[]" the "questions of law" at issue in these proceedings. *Dean*, 2017 WL 10574353, at *2. In rejecting the *Twitter* plaintiffs' state action claim, Judge Donato held that "the amended complaint does not plausibly allege that Twitter acted as a government entity when it closed plaintiffs' accounts." *Twitter Inc.*, 2022 WL 1443233, at *7. The Court similarly rejected each of the *Twitter* plaintiffs' other arguments, holding that they lacked standing to challenge the constitutionality of Section 230 of the Communications Decency Act, that the choice-of-law clause that the parties agreed to barred the FDUTPA claim, and that the SSMCA claim failed as a matter of law. *Id*. This case presents similar legal issues, and resolution of the appeal in *Twitter* may very well "simplify[]" the "questions of law" at stake here.

The Ninth Circuit's recent decision in *Rutenburg v. Twitter*, 2022 WL 1568360 (9th Cir. May 18, 2022)—decided only a few weeks after Judge Donato dismissed the complaint against Twitter—makes clear that the *Twitter* decision should be affirmed, which could further clarify the legal landscape here. In *Rutenberg*, the Ninth Circuit agreed that Twitter could not be sued under the First Amendment for the decision to remove Donald Trump's account from its service. *Id.* at *2. That is the same conclusion Judge Donato reached and the same one that should be reached in the appellate proceedings in *Twitter*. Allowing the *Twitter* appeal to proceed first will let the Ninth Circuit provide further guidance on the scope of the *Rutenberg* decision, which may inform the outcome of this case. At a minimum, resolution of the *Twitter* appeal would likely "simplify[]" the "questions of law" at issue in these proceedings. *Dean*, 2017 WL 10574353, at *2.

## CONCLUSION

While Meta is prepared to continue litigating this action, for all of the foregoing reasons, it does not oppose a stay of this action pending final disposition of the appeal in *Twitter* if the Court believes that a stay would promote efficiency and judicial economy.

DATED: July 26, 2022                     */s/ Ronald K. Anguas*

Ashley E. Littlefield (SBN 281027)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1483 / Fax: (415) 439-1400
ashley.littlefield@kirkland.com

Craig S. Primis, P.C. (admitted *pro hac* vice)
K. Winn Allen, P.C. (admitted *pro hac* vice)
Ronald K. Anguas (admitted *pro hac* vice)
Kate H. Epstein (admitted *pro hac* vice)
James Y. Xi (admitted *pro hac* vice)
KIRKLAND & ELLIS, LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
craig.primis@kirkland.com
winn.allen@kirkland.com
ronald.anguas@kirkland.com
kate.epstein@kirkland.com
james.xi@kirkland.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of July 2022, the foregoing was electronically transmitted to the Clerk of Court using the CM/ECF system, which will transmit notification of such filing to all registered participants.

/s/ Ronald K. Anguas
Ronald K. Anguas