Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1400
michael.esser@kirkland.com

Craig S. Primis, P.C. (admitted *pro hac* vice)
K. Winn Allen, P.C. (admitted *pro hac* vice)
Ronald K. Anguas, Jr. (admitted *pro hac* vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
craig.primis@kirkland.com
winn.allen@kirkland.com
ronald.anguas@kirkland.com

*Attorneys for Defendants Meta Platforms, Inc. and Mark Zuckerberg*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DONALD J. TRUMP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., et al.,<br><br>Defendants. | CASE NO. 3:21-CV-09044-WHA<br><br>**DEFENDANTS' RESPONSE TO MOTION TO LIFT STAY**<br><br>**HON. WILLIAM H. ALSUP** |

**RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY**

The Court should deny Plaintiffs' motion and consider any proposed amendment only after appellate proceedings in *Trump v. Twitter, Inc.*, No. 22-15961 (9th Cir.), have concluded. Plaintiffs ask the Court to lift the stay for a "limited purpose" and hold a hearing on a potential Second Amended Complaint now, only to then reimpose the same stay immediately thereafter. Given that the Ninth Circuit appeal in *Twitter* is fully briefed and set for argument in less than six weeks, the Court should deny Plaintiffs' motion.

***First***, lifting the stay now will only lead to duplicative briefing on a proposed amendment. Plaintiffs do not contest that the *Twitter* appeal is likely to clarify issues presented here. Indeed, their own motion contemplates proceeding through substantive motion-to-dismiss briefing only "once the *Twitter* appeal is concluded." ECF No. 179 ("Mot.") 3. In other words, Plaintiffs ask the Court to lift the stay, address an amendment, and then stay the case again without taking any other substantive action. *Id.* But there is no benefit to such roundabout procedure, especially where the Ninth Circuit's decision may well lead to further amendment down the line or foreclose amendment altogether. *See Cellwitch Inc. v. Tile, Inc.*, 2021 WL 9145413, at *2 (N.D. Cal. Oct. 8, 2021) (denying motion to lift stay, where the "Federal Circuit could invalidate claims that would otherwise be at issue in this action").

***Second***, Plaintiffs' purported efficiency rationales for lifting the stay are misplaced. In Plaintiffs' view, the stay should be lifted because "[i]t would be highly inefficient for the Court to hear a motion to dismiss directed at the [existing] FAC," and because "the requested relief would allow the case to move forward quickly once the Twitter appeal is concluded without the wasteful exercise of considering a motion to dismiss based on an outdated record." Mot. at 3. But Judge White already struck the pending motion-to-dismiss briefing when he stayed the case, *see* ECF No. 174, and Meta is not proposing another motion to dismiss the existing First Amended Complaint. Rather, Meta's position is simply that the parties should await the conclusion of appellate proceedings in *Twitter* before addressing whether to permit any further amendment. This procedure will have the advantage of avoiding duplicative briefing. By contrast, if the Court permits a Second Amended Complaint now, Plaintiffs may very well want to amend the complaint a third time after the conclusion of the *Twitter* matter, leading to another a set of proceedings on whether to allow that amendment.

*Finally*, the same judicial economy considerations that favored a stay initially continue to favor the stay now, given "the early stage of" these proceedings and "the likelihood that the Ninth Circuit will provide substantial guidance" in its *Twitter* opinion. *See*, *e.g.*, *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014) (granting stay).  Plaintiffs do not identify any plausible prejudice from maintaining the stay and addressing any amendment following the final resolution of the *Twitter* matter. Because Plaintiffs do not show good cause to lift the stay for a "limited purpose" or otherwise, the Court should deny Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to lift the stay in this matter.

DATED:  August 29, 2023

*/s/ Michael P. Esser*
Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1400
michael.esser@kirkland.com

Craig S. Primis, P.C. (admitted *pro hac* vice)
K. Winn Allen, P.C. (admitted *pro hac* vice)
Ronald K. Anguas, Jr. (admitted *pro hac* vice)
KIRKLAND & ELLIS, LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
craig.primis@kirkland.com
winn.allen@kirkland.com
ronald.anguas@kirkland.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 29th day of August 2023, the foregoing was electronically transmitted to the Clerk of Court using the CM/ECF system, which will transmit notification of such filing to all registered participants.

*/s/ Michael P. Esser*
Michael P. Esser