| | |
|---|---|
| JOHN P. COALE (*pro hac vice*)<br>2901 Fessenden Street, NW,<br>Washington, D.C. 20008<br>Telephone: (202) 255-2096<br>Email: johnpcoale@aol.com<br><br>ANDREI D. POPOVICI (SBN 234820)<br>MARIE L. FIALA (SBN 79676)<br>LAW OFFICE OF ANDREI D. POPOVICI, P.C.<br>2121 North California Blvd., Suite 290,<br>Walnut Creek, CA 94596<br>Telephone: (650) 530-9989<br>Email: andrei@apatent.com<br>Email: marie@apatent.com<br><br>[*Additional Counsel Listed on Signature Page*]<br><br>*Attorneys for Plaintiffs* | Michael P. Esser (SBN 268634)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400 / Fax: (415) 439-1400<br>michael.esser@kirkland.com<br><br>Craig S. Primis, P.C. (admitted *pro hac* vice)<br>K. Winn Allen, P.C. (admitted *pro hac* vice)<br>Ronald K. Anguas, Jr. (admitted *pro hac* vice)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 389-5000 / Fax: (202) 389-5200<br>craig.primis@kirkland.com<br>winn.allen@kirkland.com<br>ronald.anguas@kirkland.com<br><br>*Attorneys for Defendants*<br><br>JOSHUA M. KOLSKY<br>INDRANEEL SUR<br>U.S. DEPARTMENT OF JUSTICE<br>1100 L Street NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-7664<br>Telephone: (202) 616-8488<br>Email: joshua.kolsky@usdoj.gov<br>Email: indraneel.sur@usdoj.gov<br><br>*Attorneys for Intervenor the United States* |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONALD J. TRUMP, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>META PLATFORMS, INC., *et al.*,<br><br>    Defendants. | CASE NO.  3:21-CV-09044-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  November 2, 2023<br>Time:  11:00 A.M.<br>Place:  Courtroom 12, 19th Floor<br>Hon. William H. Alsup |

Pursuant to the Federal Rules of Civil Procedure 16, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California dated January 17, 2023, this Court's Standing Order for Civil Cases, and the Court's Set Deadlines/Hearings: Joint Case Management Statement (Dkt. 181), the parties to the above captioned action, Plaintiffs Donald J. Trump, *et al.* ("Plaintiffs"), Defendants Meta Platforms, Inc. ("Meta") and Mark Zuckerberg (collectively, "Defendants"), and Intervenor, the United States of America ("USA"), jointly submit this Case Management Statement.[1]

**INTRODUCTORY COMMENTS**

**By the Plaintiffs:**

Since this Court's August 3, 2022, Order Staying Matter Pending Final Disposition Of Twitter and Striking Pending Motions Without Prejudice (ECF 174), significant newly discovered evidence has surfaced implicating a deeply rooted relationship between government actors and the content moderation decisions made by Defendants. Based on extensive discovery, which principally occurred after the imposition of this Court's stay, the Fifth Circuit Court of Appeals has found that the White House, the FBI, the CDC, and the Cybersecurity and Infrastructure Security Agency compelled Defendant Meta, along with other social media platforms, to unconstitutionally suppress, moderate, and otherwise censor protected speech. *See Missouri, et al. v. Biden, et al.*, No, 23-30445, 2023 WL 6425697 (5th Cir. Oct. 3, 2023) (per curium). In addition to the discovery taken in *Missouri v. Biden*, Plaintiffs have uncovered (1) admissions by Defendants expressly agreeing to coordinate and work with agents of the federal government to censor disfavored content on their platform; (2) further threats by members of Congress to repeal 47 U.S.C. § 230(c) immunity, and the imposition of other legal penalties onto Defendants if they did not censor content and speakers who were disfavored by those officials; and (3) coercion by the federal government of Defendants for the censoring of disfavored speech. Taken together, the newly discovered evidence strongly supports the plausibility of Plaintiffs' First Amendment claim, and warrants granting Plaintiffs' leave to file a Motion to Amend the pleadings.

---

[1] The United States has intervened in this suit solely for the purpose of defending the constitutionality of Section 230(c). Therefore, unless otherwise specified, the United States takes no position on the case management topics addressed herein. As used herein, the term "Parties" is not intended to include the United States unless expressly stated.

**By the Defendants:**

The Court should consider whether to permit a Second Amended Complaint only after appellate proceedings in *Trump v. Twitter, Inc.*, No. 22-15961 (9th Cir.), have concluded. Although plaintiffs claim they have "significant newly discovered evidence" warranting an amendment, that evidence will not permit plaintiffs to plead a valid cause of action in light of the significant problems with their state-action theory and their other legal theories, as discussed in Meta's prior motion to dismiss. *See* ECF No. 157. But regardless of whether any "newly discovered evidence" could support a viable claim, filing a Second Amended Complaint before the Ninth Circuit's decision in *Twitter* and any Supreme Court review is an impractical and inefficient course. Plaintiffs' claims here are similar to those of plaintiffs alleging that Twitter unconstitutionally censored speech on its privately-owned internet services, and the Ninth Circuit's decision in *Twitter* will likely clarify the legal issues presented here. Plaintiffs should be permitted at most one further amendment to bring their complaint up to date, and they should file that amendment following final resolution of appellate proceedings in the *Twitter* matter. If plaintiffs insist on filing a Second Amended Complaint now, they should not be permitted to file a Third Amended Complaint in the future following the *Twitter* decision.

**By the United States:**

The United States has intervened in this suit solely for the purpose of defending the constitutionality of Section 230(c). Nevertheless, the United States notes its disagreement with Plaintiffs' allegations of unlawful conduct by the federal government, and observes that the decision in *Missouri v. Biden*, cited by Plaintiffs, was stayed by the Supreme Court. *See Murthy v. Missouri*, 2023 U.S. LEXIS 4210, *1 (U.S. Oct. 20, 2023) (also granting certiorari).

**1.     Jurisdiction & Service**

The Parties agree that Defendants have been properly served and that there are no issues regarding personal jurisdiction or venue now that this case has been transferred from the Southern District of Florida. Dkt. 108.

Plaintiffs assert that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332 (Diversity), 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act, now Creation of

1  Remedy), and 28 U.S.C. § 1332(d) (The Class Action Fairness Act), and that venue is proper under 28
2  U.S.C. § 1391(b)(2), (d), and (e)(1).

3  Defendants do not dispute that this Court has jurisdiction over this action, but dispute that the
4  case may be maintained as a class action.

5  All Parties have appeared through Counsel.

**2.  Facts**

**By the Plaintiffs:**

Defendants have engaged in impermissible censorship of speech based on the political views expressed by Users in response to threats of coercive measures made by, and encouragement from, congressional legislators and the Executive Branch, reliance upon Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230"), and willful participation in joint activity with federal actors. Defendants' actions are therefore the result of state action and the censorship decisions Defendants make regarding speech by its Users are constrained by the First Amendment right to free speech.

Section 230 is part of legislation passed twenty-five (25) years ago to protect minors from the transmission of obscene materials on the Internet and to promote the growth and development of internet commerce. The immunity from liability afforded by Section 230 has enabled Defendant Meta to grow into a commercial giant that now censors (account suspension, account restriction, shadow banning, flags, content restriction, etc.) and otherwise restricts with impunity the constitutionally protected free speech of the Plaintiffs and the Putative Class Members.

On January 7, 2021, Defendants banned the sitting President of the United States from their platform for exercising his constitutional right of free speech. Plaintiff Donald J. Trump was de-platformed by the Defendants, as were the Putative Class Members, using non-existent, broad, vague, and ever-shifting standards. Plaintiff Trump's account on Defendants' platform was only restored in February 2023, twenty-five months after the initial ban. Plaintiff Trump, his Co-Plaintiffs, and the Putative Class Members, each suffered harm during their respective account suspensions and restrictions, with many continuing to suffer harm with no remedial action by Defendants in sight.

Defendants have mounted an aggressive campaign of prior restraint against a multitude of Putative Class Members through censorship resulting from threatened legislative action, legislative coercion and encouragement and joint action with federal actors. Defendants have effectively censored and imposed a prior restraint on the protected political speech of a sitting President of the United States. The ongoing censorship of Plaintiffs and Putative Class Members continues to pose an imminent, severe, and irreparable danger to the protected free speech rights of all citizens as protected by the First Amendment. And the Plaintiffs and Putative Class Members whose accounts have been reinstated and whose restrictions have been lifted continue to suffer an impermissible chilling effect upon their speech for fear of future government compelled censorship.

**By the Defendants:**

Defendants dispute plaintiffs' description of the underlying facts in this action, but believe that addressing those facts is premature, as a Second Amended Complaint has not yet been filed or even proposed. Regardless, any amended complaint containing factual allegations like those set forth above in Plaintiffs' position statement will fail, as the "[t]he First Amendment prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020).

Meta further states that this case arises out of parallel litigation launched by Donald J. Trump and other plaintiffs against three companies that operate social media services: Meta, YouTube, and Twitter. Each of these three cases was transferred to the Northern District of California, where plaintiffs moved to relate and then consolidate all three actions. *See YouTube, LLC*, No. 4:21-cv-08009, at ECF Nos. 118, 125. The court denied the motions, and all three defendants filed motions to dismiss before separate courts in this District. On May 6, 2022, a court in this District granted Twitter's motion to dismiss. As Judge Donato explained in the *Twitter* case: "Plaintiffs are not starting from a position of strength" because "Twitter is a private company, and the First Amendment applies only to governmental abridgements of speech, and not to alleged abridgements by private companies." *Trump v. Twitter Inc.*, 2022 WL 1443233, at *2 (N.D. Cal. May 6, 2022) (quotations omitted). Plaintiffs there appealed, appellate briefing is now complete, and the Ninth Circuit heard oral argument on October 4, 2023. The Ninth Circuit's decision in *Twitter* is pending.

### 3. Legal Issues

**By the Plaintiffs:**

The following is a non-exclusive list of the principal issues of law raised by the pleadings:

First, Defendants jointly acted with, were substantially encouraged by, and, at times, were compelled by federal actors to censor Plaintiffs' content and accounts on Defendants' platform. Consequently, the Defendants' censorship of Plaintiffs violated the First Amendment of the United States Constitution.

Second, the Plaintiffs are entitled to relief under the Florida Deceptive and Unfair Trade Practices Act and the Florida Stop Social Media Censorship Act, pursuant to Defendants' violation thereof.

Third, all Plaintiffs, including those contemplated in the putative class, that remain banned or suppressed on Defendants' service because of Defendants' capitulation to government pressures towards censorship are entitled to injunctive relief.

Fourth, Plaintiffs sustained damage as a result of their censorship by the Defendants, including former President Trump whose account was suspended for twenty-five months.

Lastly, any issues of law implicit in the facts of this case and not mentioned above.

**By the Defendants:**

Plaintiffs' existing complaint raises multiple legal issues warranting dismissal, many of which are under consideration now by the Ninth Circuit in *Twitter* and one of which is under consideration by the U.S. Supreme Court. A non-exhaustive list of those issues includes:

**(1)** Whether Plaintiffs' First Amendment claim fails because "the First Amendment applies only to governmental abridgements of speech, and not to alleged abridgements by private companies." *Twitter*, 2022 WL 1443233, at *2; *Prager Univ.*, 951 F.3d at 996.

**(2)** Whether Plaintiffs can state a claim under the Florida Deceptive and Unfair Trade Practices Act given that Meta's Terms of Service provide that "the laws of the State of California … govern" Plaintiffs' claims.

**(3)** Whether Plaintiffs can state a claim under the Florida Stop Social Media Censorship Act in the absence of a clear indication for the law to have retroactive effect.

**(4)** Whether the Florida Stop Social Media Censorship Act violates the First Amendment, a question on which the United States Supreme Court has recently granted certiorari, *see Moody v. Netchoice, LLC*, No. 22-277 (cert. granted Sept. 29, 2023).

**(5)** Whether Section 230 of the Communications Decency Act, 47 U.S.C. § 230, bars Plaintiffs claims.

**(6)** Whether certain Plaintiffs' claims are moot in light of their reinstatement on Meta's platforms.

**4.   Motions**

  **A.   Prior Motions**

1. On August 19, 2021, the United States filed a Motion to Stay Intervention Deadline (Dkt. 40). The motion was granted in part and denied in part on August 23, 2021 (Dkt. 45).

2. On September 17, 2021, Defendants filed a Motion to Transfer this case from the Southern District of Florida to the Northern District of California (Dkt. 75). The motion was granted in part and denied in part on November 19, 2021 (Dkt. 108).

3. On November 22, 2021, the United States filed a Motion to Set Deadline for United States' Memorandum in Defense of 47 U.S.C. § 230(c) (Dkt. 109). The motion was granted on December 15, 2021 (Dkt. 148).

4. On December 1, 2021, plaintiffs in *Trump, et al. v. YouTube, LLC et al.,* Civ. No: 4:21-cv-8009-JSW, filed a Motion to Consolidate the above captioned case, *Trump, et al. v. YouTube, supra*, and *Trump, et al., v. Twitter, Inc., et al.,* Civ. No. 3:21-cv-08378-JD (4:21-cv-8009-JSW, Dkt. 125); Plaintiffs provided notice to this Court on December 2, 2021 (Dkt. 140). The motion was denied on January 12, 2022 (4:21-cv-8009-JSW, Dkt. 139).

5. On December 17, 2021, Defendants filed a Stipulated Motion to Amend Case Caption (Dkt. 150). The motion was granted on December 20, 2021 (Dkt. 151).

6. On December 27, 2021, Defendants filed a Stipulated Request For An Order Staying Alternative Dispute Resolution And Rule 16 Deadlines Pending Motion To Dismiss (Dkt. 153). The motion was granted on January 3, 2022 (Dkt. 154).

7. On February 11, 2022, the United States filed an Administrative Motion for Leave to Response to USA Brief Re: 230 Constitutionality (Dkt. 161). The motion was granted on February 22, 2022 (Dkt. 162).

8. On August 15, 2023, Plaintiffs filed a Motion to Lift Stay for Limited Purpose (Dkt. 179). The motion was granted on September 9, 2023 (Dkt. 181).

### B. Pending Motions

9. On August 3, 2022, the court entered an Order Staying Matter Pending Final Disposition of Twitter and Striking Pending Motions Without Prejudice, (Dkt. 174), referring to *Trump, et al., v. Twitter, Inc., et al.,* 3:21-cv-08378-JD, on appeal, *Trump, et. al., v. Twitter, Inc., et al.,* 22-15961 (9th Cir.). The pending motions struck by this order include:

   a. On October 7, 2021, Plaintiffs filed a Motion for Preliminary Injunction (Dkt. 78). Upon the filing of Plaintiffs' Reply Brief on February 7, 2022, the motion had been fully briefed. No oral argument had been scheduled on this motion.

   b. On January 14, 2022, Defendants filed a Motion to Dismiss (Dkt. 157). The motion was fully briefed and no oral argument was scheduled on the motion.

### C. Anticipated Motions

10. With the Court's leave, Plaintiffs anticipate filing a Motion to Amend the First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

11. If Plaintiffs are permitted to file a Second Amended Complaint, Defendants intend to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and ask the Court to defer filing of that Motion and related briefing until after the conclusion of appellate proceedings in *Twitter*.

### 5. Amendment of Pleadings

**By the Plaintiffs:**

As described more fully in Plaintiffs Motion to Lift Stay for Limited Purpose, (Dkt. 179) (granted, Dkt. 181), Plaintiffs will seek leave to amend the First Amended Complaint, (Dkt. 16), principally based on evidence publicly disclosed after the filing of that First Amended Complaint.

**By the Defendants:**

Plaintiffs should be permitted at most one further amendment to bring their complaint up to date, and they should file that amendment following final resolution of appellate proceedings in the *Twitter* matter. Meta would not oppose Plaintiffs' motion for leave to file a Second Amended Complaint following resolution of appellate proceedings in *Twitter*, subject to Meta's right to challenge the sufficiency of the Second Amended Complaint through a motion to dismiss. If plaintiffs insist on filing a Second Amended Complaint now, they should not be permitted to file a Third Amended Complaint in the future following the *Twitter* decision.

**By the United States:**

The United States reserves its right to raise any applicable arguments in response to Plaintiffs' proposed Second Amended Complaint, after that proposed pleading is filed.

**6.    Evidence Preservation:**

The Parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and the Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. The Parties have each indicated that they have taken reasonable and proportionate steps to preserve electronic and hardcopy evidence relevant to the issues reasonably evident in this action. The Parties propose to meet and confer regarding a schedule for negotiating an ESI protocol within thirty (30) days after Defendants file their answer (if any such answer becomes due).

**7.    Disclosures**

The Parties stipulate, pursuant to Fed. R. Civ. P. 26(a)(1)(C), that the time for initial disclosures shall be postponed until 30 days after Defendants file their answer (if any such answer becomes due), subject to any further stipulation by the parties and to the right of either party to move for a further postponement.

**8.    Discovery**

No discovery has been taken to date, and, at this time, the Parties have not identified any discovery disputes.

### 9. Class Action

**By the Plaintiffs:**

Plaintiffs bring this lawsuit pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the following proposed class (the "Class"):

All Facebook platform Members who reside in the United States, and between June 1, 2018, and today, had their access to their social media accounts wrongly restricted or curtailed by these Defendants and who were damaged thereby. (Dkt. 16, at 57). Plaintiffs suggest that the Court defer class certification until a merits determination is made. Should the Court not defer class certification, the Plaintiffs propose to meet and confer and submit a proposed plan for briefing class certification within sixty (60) days after Defendants file their answer (if any such answer becomes due).

**By the Defendants:**

Defendants do not believe this case is amenable to class treatment. The individual plaintiffs' posts and Defendants' actions with respect to those posts varied significantly and so any motion for class certification will be unable to satisfy the relevant requirements of Fed. R. Civ. P. 23. Defendants reserve the right to oppose class certification if and when plaintiffs move to certify a class.

Defendants believe the Court should consider class certification, if at all, following the Court's resolution of Defendants' Motion to Dismiss but before reaching a final merits determination.

### 10. Related Cases

Plaintiffs filed a motion to consolidate this case with *Trump, et al. v. YouTube, LLC et al.*, Civ. No: 4:21-cv-8009-JSW, and *Trump, et al., v. Twitter, Inc., et al.*, 3:21-cv-08378-JD. On January 12, 2022, The Hon. Jeffrey White denied that motion without prejudice to renewal after disposition of motions to dismiss in these cases. *See*, No. 4:21-cv-8009, Dkt. 139. See 4(A), supra. The Twitter case is currently on appeal before the Ninth Circuit, which held oral argument on October 4, 2023.

### 11. Relief

**By the Plaintiffs:**

Plaintiffs respectfully asks this Court to declare that the Defendants' actions directed at the Plaintiffs and Putative Class Members are a prior restraint on their First Amendment right to free speech. All Plaintiffs, including those contemplated in the punitive class, that remain banned or

suppressed on Defendants' service as a result of Defendants' capitulation to government pressures towards censorship respectfully request that the Court order the Defendants to restore the access the their Meta (formally Facebook) accounts, and to prohibit Defendants from exercising any censorship or prior restraint in its many forms over their posts, together with an award of Compensatory damages to the Plaintiffs and the putative class in an amount to be determined at trial.

**By the Defendants:**

Defendants deny that any relief will be appropriate in this case.

**12.    Settlement and ADR**

The parties have reviewed the available options for alternative dispute resolution.

**By the Plaintiffs:**

The Plaintiffs are prepared to pursue ADR efforts mutually agreeable to the Parties and the Court.

**By the Defendants:**

Defendants do not believe that engaging in ADR efforts now will be productive in light of the pending *Twitter* case and Defendants' forthcoming motion to dismiss. Defendants will continue to assess whether ADR efforts are likely to be productive as this action progresses.

**13.    Other References**

**By the Plaintiffs:**

Plaintiffs do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**By the Defendants:**

Defendants agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel for Multidistrict Litigation at this time.

**14.    Narrowing of Issues**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time. The Parties will continue to meet and confer about any issues that might be narrowed as the case proceeds.

**15.    Expedited Trial Procedure**

The Parties agree that this action need not proceed on an expedited basis.

**16.    Scheduling**

By order entered on August 3, 2022 (Dkt. 174) this case was stayed pending final disposition of *Trump, et al., v. Twitter, Inc., et al.*, 3:21-cv-08378-JD ("Twitter Case").  The Twitter Case has been fully briefed on appeal to the Ninth Circuit Court of Appeals and oral argument was heard on October 4, 2023.  *Trump, et. al., v. Twitter, Inc., et al.*, 22-15961 (9th Cir.).  All scheduling had been stayed, and all pending motions had been struck without prejudice.  On September 19, 2023, this Court lifted the stay for a limited purpose.  The Initial Case Management Conference is set for November 2, 2023, at 11:00 a.m.  (Dkt. 181.)

**By the Plaintiffs:**

Should the Court grant Plaintiffs leave to file a Motion to Amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2), the Plaintiffs propose that such a motion be due fourteen (14) days after such leave is granted.

**By the Defendants:**

If Plaintiffs are permitted to file a Second Amended Complaint or a Motion for Leave to Amend on their proposed schedule, Defendants intend to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and ask the Court to defer filing of that Motion to Dismiss and related briefing until after the conclusion of appellate proceedings in *Twitter*.

**Trial**

**By the Plaintiffs:**

Plaintiffs have requested and are entitled to a jury trial.

**By the Defendants:**

Defendants take no position at this time on whether plaintiffs' claims in any forthcoming Second Amended Complaint will be suitable for a bench or jury trial.

**17.    Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-15 by filing a Certificate of Interested Parties.

**18.** **Professional Conduct**

All attorneys of record for the respective Parties and the United States have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** **Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED:  October 26, 2023                                  Respectfully submitted,

| | |
|---|---|
| ANDREI D. POPOVICI (SBN 234820)<br>MARIE L. FIALA (SBN 79676)<br>LAW OFFICE OF ANDREI D. POPOVICI, P.C.<br>2121 North California Blvd., Suite 290,<br>Walnut Creek, CA 94596<br>Telephone: (650) 530-9989<br>Email: andrei@apatent.com<br>Email: marie@apatent.com<br><br>By: /s/ John Q. Kelly<br>JOHN Q. KELLY (*pro hac vice*)<br>FERGUSON COHEN LLP<br>25 Field Point Road,<br>Greenwich, CT 06830<br>Telephone: (203) 661-1197<br>Email: jqkelly@fercolaw.com<br><br>MICHAEL J JONES (*pro hac vice*)<br>RYAN TOUGAIS (*pro hac vice*)<br>IVEY, BARNUM & O'MARA, LLC<br>170 Mason Street,<br>Greenwich, CT 06830<br>Telephone: (203) 661-6000<br>Email: mjones@ibolaw.com<br>Email: rtougais@ibolaw.com<br><br>JOHN P. COALE (*pro hac vice*)<br>2901 Fessenden Street, NW<br>Washington, D.C. 20008<br>Telephone: (202) 255-2096<br>Email: johnpcoale@aol.com<br><br>FRANK C. DUDENHEFER, JR. (*pro hac vice*)<br>THE DUDENHEFER LAW FIRM, LLC<br>2721 Saint Charles Avenue, Suite 2A,<br>New Orleans, LA 70130<br>Telephone: (504) 616-5226<br>Email: fcdlaw@aol.com<br><br>RICHARD POLK LAWSON (*pro hac vice*)<br>GARDNER BREWER HUDSON<br>400 North Ashley Drive, Suite 1100,<br>Tampa, FL 33602<br>Telephone: (813) 221-9600<br>Email: rlawson@gardnerbrewer.com<br><br>*Attorneys for Plaintiffs* | By: /s/ Michael P. Esser<br>Michael P. Esser (SBN 268634)<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel: (415) 439-1400 / Fax: (415) 439-1500<br>Email: michael.esser@kirkland.com<br><br>Craig S. Primis, P.C. (admitted *pro hac vice*)<br>K. Winn Allen, P.C. (admitted *pro hac vice*)<br>Ronald K. Anguas, Jr. (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Tel:  (202) 389-5000 / Fax: (202) 389-5200<br>Email: craig.primis@kirkland.com<br>Email: winn.allen@kirkland.com<br>Email: ronald.anguas@kirkland.com<br><br>*Attorneys for Defendants Meta Platforms, Inc. and Mark Zuckerberg*<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>LESLEY FARBY<br>Assistant Branch Director<br><br>By: /s/ Joshua M. Kolsky<br><br>JOSHUA M. KOLSKY<br>INDRANEEL SUR<br>U.S. DEPARTMENT OF JUSTICE<br>1100 L Street NW<br>Washington, D.C. 20005<br>Telephone: (202) 305-7664<br>Telephone: (202) 616-8488<br>Email: joshua.kolsky@usdoj.gov<br>Email: indraneel.sur@usdoj.gov<br><br>*Attorneys for Intervenor United States* |

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Joint Case Management Statement. Pursuant to Civil Local Rule 5-1(h), I hereby attest that the other signatories have concurred in this filing.

DATED:  October 26, 2023                                By: */s/ Andrei D. Popovici*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notifications of such filing to all registered counsel.

DATED:  October 26, 2023                                By: */s/ Andrei D. Popovici*